JAMES GILMORE, DEFENDANT IN ERROR, v. MARY KANE
ET AL., PLAINTIFFS IN ERROR.

Submitted December 1, 1904—Decided March 15, 1905.

A charge to the jury, in an action for malicious prosecution, that in
case of a verdict for the plaintiff they should give him whatever
they thought would be fair compensation, "and also whatever
would reimburse him for any consequent expenses and losses," is
too broad, and there being no evidence as to such expenses and
losses is reversible error.

On error to Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and GARRETSON.

For the plaintiffs in error, *Elwood C. Harris.*

For the defendant in error, *George E. Clymer.*

PER CURIAM.

The judgment for plaintiff brought up by this writ of error
must be reversed. The trial court, in charging the jury upon
the question of damages, used the following language: "And
the elements there to be taken into account are the fact that
the plaintiff was in prison eight days, and whatever injury he
may have suffered to his reputation, his feelings, your verdict
ought to be for whatever you think would be a fair compen-
sation, and also whatever would reimburse him for any con-
sequent expenses and losses."

The bill of exceptions discloses, also, the following colloquy:

"[The jury retires.]

"Mr. Harris—I desire to except to what your honor said
near the close of the charge as to directing the jury to deter-
mine what expenses the plaintiff might have been put to with
reference to his defence, and so forth. There was no evidence
of any amount.

"The Court—If there is not any evidence, they will not find anything, of course.

"Exception allowed. Let it be sealed, and it is sealed accordingly."

The feature of the charge to which the court's attention was directed by this exception was entirely too broad. There is no telling what the jury might not have included in its verdict under this instruction, or from what source it may not have supplied the evidence that was lacking.